LOEW'S, Inc. v. LIEBERMAN et al.

PARAMOUNT FILM DISTRIBUTING CORPORATION v. LIEBERMAN et al.

Civil Action Nos. 3117, 3118.

District Court, D. Massachusetts.

May 11, 1948.

Edward F. McClennen, Jacob J. Kaplan, Robert W. Meserve, and Nutter, McClennen & Fish, all of Boston, Mass. (Edward A. Sargoy and Sargoy & Stein, both of New York City, of counsel), for plaintiffs.

Joseph B. Abrams, of Boston, Mass., for defendants.

SWEENEY, District Judge.

When the above two cases were called for trial, they were referred to a Master because of the long and detailed accounting which was to be made. The Master was directed to make findings of fact, and to report such questions of law as any party might request.

Both actions involve claims for damages by reason of the failure of the defendants to live up to the licensing terms of moving picture rental contracts. Each case divided itself into two parts: first, claims arising out of percentage rentals and, second, claims arising out of flat rentals. The Master held extensive hearings and has now filed his reports. In Civil Action No. 3117, he finds that the plaintiff is entitled to recover $13,275 as damages in the matter of the licensing of percentage pictures, and $13,600 in the matter of the licensing of flat rental pictures. In Civil Action No. 3118, he finds that the plaintiff is entitled to recover the sum of $1,725 as damages in the matter of the licensing of percentage pictures to certain of the defendants, and that the plaintiff is not entitled to damages by reason of the licensing of flat rental pictures. Accompanying the Master's reports is a transcript of all of the testimony elicited at the hearing before him.

The plaintiffs have now moved the Court to adopt and confirm the Master's reports and to enter judgments thereon. The defendants have moved to have the actions recommitted with instructions to the Mas-

ter to report the evidence and to make additional findings.

Rule 53(e) (2) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, requires the confirmation and adoption of the Master's report unless it is clearly erroneous. Having examined the transcript of evidence, I am of the opinion that the findings of the Master are amply supported by the evidence which was before him. The request of the defendants for the additional findings consists almost entirely of a demand for the specific evidence which the Master considered when making each finding of fact. To this the defendants are not entitled. The evidence before the Master amply supports the findings, and the Court therefore adopts them as its own findings of fact.

On the basis of the foregoing, I conclude and rule that the Master's reports are to be confirmed, and that the plaintiffs are entitled to judgments in each case in the amounts set forth in the Master's reports.